UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| MANUEL WILLIAMS, | ) | CR. 05-50081-01-JLV |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## INTRODUCTION

Petitioner Manuel Williams, *pro se*, a prisoner at the Federal Correctional Institution at Fort Dix, New Jersey, ("FCI Fort Dix") filed a motion for relief from the judgment in his criminal case. (Docket 176). His motion is filed pursuant to Fed. R. Civ. P. 60(b). Id. The government resists Mr. Williams' motion. (Docket 179). For the reasons stated below Mr. Williams' motion is denied.

## DISCUSSION

On August 24, 2006, a jury found Mr. Williams guilty of one count of conspiracy to distribute methamphetamine and two counts of distribution of methamphetamine in the case styled United States v. Williams, CR. 05-50085-AWB (D.S.D.). (Docket 113). On December 4, 2006, United States District Judge Andrew W. Bogue sentenced Mr. Williams to a period of incarceration of one hundred twenty-one (121) months on each count to be served

concurrently.  (Docket 135 at p. 2).  The judgment included the following language:

> The court makes the following recommendations to the Bureau of Prisons:  that the Bureau of Prisons designate the South Dakota State Penitentiary to be the place of service of this sentence, thereby making this sentence concurrent with the defendant's imprisonment pursuant to a judgment in the Seventh Judicial Circuit Court, Pennington County, South Dakota, docket number 51C05000882AO.

Id.

Mr. Williams appealed the convictions to the United States Court of Appeals for the Eighth Circuit.  (Docket 137).  On October 9, 2007, the court affirmed the judgment of the district court.  (Docket 163).

On December 22, 2008, Mr. Williams filed a petition pursuant to 28 U.S.C. § 2255  ("2255 Petition").  See Williams v. United States, Civ. 08-5096-AWB (D.S.D.) (Docket 1).  On May 12, 2009, Judge Bogue adopted the report and recommendation of United States Magistrate Judge Veronica L. Duffy and dismissed Mr. Williams' 2255 petition.  Id. at Dockets 11 & 16.  The court denied Mr. Williams a certificate of appealability.  Id. at Docket 21.  Mr. Williams appealed to the Eighth Circuit.  Id. at Docket 23.  On November 20, 2009, the Eighth Circuit denied Mr. Williams' application for a certificate of appealability and dismissed the appeal.  Id. at Docket 29.

Neither Mr. Williams' direct appeal nor his 2255 petition addressed the issue presented by the current motion.

On December 20, 2006, Mr. Williams was designated to FCI Fort Dix. (CR 05-50081, Docket 176 at p. 3). The United States Bureau of Prisons ("BOP") calculated his federal sentence to begin as of December 4, 2006, the date on which the 121-month sentence was imposed. Id. BOP calculated Mr. Williams was entitled to credit from June 17, 2006, the date on which a prior state court sentence ended, through December 3, 2006. Id. Mr. Williams disputes BOP's calculation of his sentence. Id. Mr. Williams contends his prior custody credit should commence as of February 2, 2005, the date he was taken into state custody. Id.

After exhausting the administrative remedies process, Mr. Williams filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("2241 Petition") in the District of New Jersey, Camden Division. Id. On January 5, 2012, District Judge Noel L. Hillman filed an opinion denying Mr. Williams' 2241 Petition. See Manuel Williams v. Donna Zickefoose, Civ. No. 10-4579-NLH, D.N.J. (Docket 11); see also CR. 05-50085 (Docket 179-1). The United States Court of Appeals for the Third Circuit affirmed the district court's dismissal of the 2241 Petition on November 15, 2012. (Civ. 10-4579, Docket 17); see also CR. 05-5005, Docket 176-4.

Mr. Williams now moves this court to apply Rule 60(b) "to correct a defect in the integrity of the judicial proceedings . . . ." (CR. 05-50081, Docket 176 at p. 9). He asks the court either to require the BOP to give him credit for

3

seventeen months of custody not otherwise credited or order a re-sentencing hearing.  Id.

"[A] Rule 60(b) motion seeking relief from the denial of a habeas petition was properly treated as a second habeas petition." Guinan v. Delo, 5 F.3d 313, 316 (8th Cir. 1993) (referencing Bolder v. Armontrout, 983 F.2d 98, 99 (8th Cir. 1992) and Blair v. Armontrout, 976 F.2d 1130, 1134 (8th Cir. 1992)).  Federal law specifically directs the court to not consider Mr. Williams' current motion. "No . . . district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. § 2244(a).

Mr. Williams' 2241 Petition was an "application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States . . . ." 28 U.S.C. § 2244(a).  Judge Hillman in the District of New Jersey proceeding specifically addressed the question Mr. Williams presents to this court.  "Petitioner's request to have the time before June 17, 2006 credited against his remaining time is, in effect, a request for double credit of the state time that Petitioner served prior to federal sentence." (10-4579-NLH, Docket 11 at p. 7).  "Simply because the District Court [Judge

Bogue] stated that the sentences should run concurrently does not change the fact that it would have been impossible to serve both sentences concurrently since the state sentence expired before the federal sentence began." Id. at p. 8. "[T]he BOP correctly calculated Petitioner's credit since prior custody credit is impermissible under 18 U.S.C. § 3585." Id. Consideration of Mr. Williams' Rule 60(b) motion, a second writ of habeas corpus to consider his detention, is expressly prohibited by 28 U.S.C. § 2244(a).

Further, 28 U.S.C. § 2255 requires the dismissal of the current motion, Mr. Williams' second habeas corpus motion. "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-- (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).[1]  Mr. Williams did not seek certification from the Court of Appeals asking permission to file the current

---

[1] Rule 9 of the Rules Governing Section 2255 Cases in the United States District Court requires dismissal. "Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8." Id.

5

motion. Having failed to comply with 28 U.S.C. § 2255(h), the motion must be dismissed.

## ORDER

Based on the above analysis, it is hereby

ORDERED that petitioner's motion (Docket 176) is denied with prejudice pursuant to 28 U.S.C. § 2255(h).

IT IS FURTHER ORDERED that, pursuant to Rule 11 of the Rules Governing Section 2255 Cases in the United States District Court, a certificate of appealability shall not issue. Mr. Williams may timely seek a certificate of appealability from the United States Court of Appeals for the Eighth Circuit under Fed. R. App. P. 22. Mr. Williams is advised that a motion to reconsider a denial of a certificate of appealability does not extend the time to appeal. Fed. R. App. P. 11 (a).

Dated June 13, 2014.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE